UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KARMAN MUSA,

        Plaintiff,

        v.         CAUSE NO.: 3:19-CV-505-RLM-MGG

ROBERT NAZARETH,

        Defendant.

## OPINION AND ORDER

Karman Musa, a prisoner without a lawyer, filed a complaint alleging he was verbally and physically assaulted. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Musa alleges that Robert Nazareth, a guard at the Westville Correctional Facility, made a sexual remark to him before slamming his hands in the cuff port. It is unclear what was said, but mere verbal harassment doesn't state a claim upon which relief can be granted. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (Rude language or verbal harassment by prison staff

"while unprofessional and deplorable, does not violate the Constitution."). Physical violence is a different matter.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-321 (1986) (quotation marks and citation omitted). Mr. Musa has plausibly alleged the defendant inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose.

Finally, Mr. Musa alleges that Officer Nazareth violated his First Amendment rights by not immediately calling a sergeant so he could file a complaint about not having gotten coffee with breakfast the day before. "[P]risoners have the constitutional right to petition the Government for redress of their grievances . . .." Hudson v. Palmer, 468 U.S. 517, 523 (1984). Delay and inconvenience don't rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986). Not immediately calling a sergeant – even about a lack of breakfast coffee – doesn't state a claim on which relief can be granted.

For these reasons, the court:

2

(1) GRANTS Karman Musa leave to proceed against Robert Nazareth in his individual capacity for compensatory and punitive damages for slamming his hands in the cuff port on June 14, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Robert Nazareth with a copy of this order and the Complaint (ECF 1); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Robert Nazareth to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 16, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT